Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

| | |
|---|---|
| ALBERTO GUZMAN RINCON, *individually and on behalf of others similarly situated,* | **COMPLAINT** |
| | **COLLECTIVE ACTION** |
| *Plaintiff,* | **UNDER 29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |
| STAR NATURAL MEATS LLC (d/b/a STAR NATURAL MEATS), OLD FASHION BUTCHER SHOP INC.  (d/b/a OLD FASHIONED BUTCHER, f/k/a MY FAMOUS BUTCHER), JOHN DOE INC.(d/b/a PRIME MEAT), JOHN KOUKOULARIS, and MICHALIA FLORI, | |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Alberto Guzman Rincon  ("Plaintiff Guzman " or "Mr. Guzman "), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of defendants Star Natural Meats LLC (d/b/a Star Natural Meats), Old Fashion Butcher Shop Inc.  (d/b/a Old Fashioned Butcher, f/k/a My Famous Butcher), John Doe Inc.(d/b/a Prime Meat), John Koukoularis, and Michalia Flori (collectively, "Defendants"), alleges as follows:

**<u>NATURE OF ACTION</u>**

1.      Plaintiff Guzman  is an employee of Defendants Star Natural Meats LLC (d/b/a Star Natural Meats), John Koukoularis, and Michalia Flori and was an employee of Old Fashion Butcher Shop Inc.  (d/b/a Old Fashioned Butcher, f/k/a My Famous Butcher), John Doe Inc.(d/b/a Prime Meat) also owned by John Koukoularis, and Michalia Flori.

2.      Star Natural Meats, Old Fashioned Butcher (formerly, My Famous Butcher), and Prime Meat are current and former butcher businesses owned by John Koukoularis and Michalia Flori located at 4505 Ditmars Blvd., Astoria, New York 11105, 23-05 Steinway Street, Astoria, New York 11105, and Brooklyn, New York, respectively.

3.      Upon information and belief, Defendants John Koukoularis and Michalia Flori serve or served as owners, managers, principals and/or agents of Defendant Corporations and through these corporate entities operate or operated  the butcher businesses.

4.      Plaintiff Guzman  is a present employee of Defendants and is employed as a butcher

5.      Plaintiff Guzman worked at Defendants' "Prime Meat" location from approximately 1998 until on or about December 2012; he worked at Defendants' "Old Fashioned Butcher," formerly "My Famous Butcher," location from approximately January 2013 until on or about December 2016; Plaintiff Guzman has worked at Defendants' "Star Natural Meats" location from approximately January 2017 until the present date.

6.      Plaintiff Guzman  has regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he has worked over 40 each week.

2

7.     Rather, Defendants have failed to maintain accurate records of hours worked and have failed to pay Plaintiff Guzman  appropriately for any hours worked over 40.

8.     Further, Defendants have failed to pay Plaintiff Guzman  the required "spread of hours" pay for any day in which he has worked over 10 hours per day.

9.     Defendants' conduct has extended beyond Plaintiff Guzman  to all other similarly situated employees.

10.    At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiff Guzman  and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.    Plaintiff Guzman  now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the"NYLL"),  the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6 (herein the"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Guzman  seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Guzman's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims have occurred in this district, Defendants operate their businesses in this district, and Plaintiff Guzman is employed by Defendants in this district.

## **PARTIES**

### *Plaintiff Alberto Guzman Rincon*

15.     Plaintiff Guzman  is an adult individual residing in Queens County, New York.

16.     Plaintiff Guzman  has been employed by Defendants from approximately 1998 until the present date.

17.     Plaintiff Guzman  consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

18.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled  three butcher businesses located at 4505 Ditmars Blvd., Astoria, New York 11105 ("Star Natural Meats"), 23-05 Steinway Street, Astoria, New York 11105 ("Old Fashioned Butcher," formerly "My Famous Butcher"), and Brooklyn, New York ("Prime Meat").

19.     Upon information and belief, Star Natural Meats LLC (d/b/a Star Natural Meats) ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 4505 Ditmars Blvd., Astoria, New York 11105.

20.     Upon information and belief, Old Fashion Butcher Shop Inc.  (d/b/a Old Fashioned Butcher, f/k/a My Famous Butcher) ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 23-05 Steinway Street, Astoria, New York 11105.

21.     Upon information and belief, John Doe Inc. (d/b/a Prime Meat), ("Defendant Corporation") is a corporation that was organized and existed under the laws of the State of New York. Upon information and belief, it maintained its principal place of business in Brooklyn, New York, until it was rendered an incactiv corporation.

22.     Defendant John Koukoularis is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant John Koukoularis is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

23.     Defendant John Koukoularis possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

24.     Defendant John Koukoularis determined the wages and compensation of the employees of Defendants, including Plaintiff Guzman, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.     Defendant Michalia Flori is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Michalia Flori is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

26.     Defendant Michalia Flori possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

27.     Defendant Michalia Flori determined the wages and compensation of the employees of Defendants, including Plaintiff Guzman , and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

28.     Defendants operate three butcher businesses located in the Astoria section of Queens in New York City.

29.     Individual Defendants John Koukoularis and Michalia Flori possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Guzman's (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff Guzman , and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Guzman , and all similarly situated individuals, and were Plaintiff Guzman's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.     In the alternative, Defendants constituted a single employer of Plaintiff Guzman and/or similarly situated individuals.

34.     Upon information and belief, individual defendants John Koukoularis and Michalia Flori operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

36.     Defendants had the power to hire and fire Plaintiff Guzman , controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Guzman's services.

37.     In each year from 2011 to the present, Defendants, both individually and jointly, had had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprises have been directly engaged in interstate commerce. For example, numerous items that are sold in the butcher businesses on a daily basis, such as butcher knives, are produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Guzman  is a current employee of Defendants, employed in performing the duties of a butcher.

40.     Plaintiff Guzman  seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Alberto Guzman Rincon*

8

49.     Plaintiff Guzman  has been employed by Defendants from approximately 1998 until the present date.

50.     From approximately 1998 until on or about December 2012, Plaintiff Guzman worked at Defendants' "Prime Meat" location. From approximately January 2013 until on or about December 2016, Plaintiff Guzman worked at Defendants' "Old Fashioned Butcher," formerly "My Famous Butcher," location. From approximately January 2017 until the present date, Plaintiff Guzman has worked at Defendants' "Star Natural Meats" location.

51.     At all relevant times, Plaintiff Guzman  has been employed by Defendants as a butcher.

52.     Plaintiff Guzman  regularly has handled goods in interstate commerce, such as butcher tools and beef produced outside of the State of New York.

53.     Plaintiff Guzman's work duties have required neither discretion nor independent judgment.

54.     Throughout his employment with Defendants, Plaintiff Guzman  regularly has worked in excess of 40 hours per week.

55.     During the months from October through March  of the years 2011 through 2017, Plaintiff Guzman  worked from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Saturdays (typically 60 hours per week).

56.     During the months from March through October in the years from 2012 through 2016, Plaintiff Guzman  worked from approximately 6:00 a.m. until on or about 4:00 p.m. four days a week and from approximately 5:40 a.m. until on or about 4:20 p.m. three days a week(typically 74.666 hours per week).

9

57.     From approximately January 2017 until the present date, Plaintiff Guzman has worked from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Saturdays (typically 60 hours per week).

58.     From approximately October 2011 until 2012, defendants paid Plaintiff Guzman his wages in cash.

59.     From approximately 2012 until the present date, defendants have paid Plaintiff Guzman his wages in a combination of check and cash.

60.     From approximately October 2011 until on or about 2013, defendants paid Plaintiff Guzman $13.00 per hour.

61.     From approximately 2013 until December 2016, defendants paid Plaintiff Guzman $15.00 per hour.

62.     From approximately January 2017 until the present date, defendants have paid Plaintiff Guzman $19.00 per hour.

63.     Plaintiff Guzman's pay has not varied even when he has been required to stay later or work a longer day than his usual schedule.

64.     For example, during the months from March through October in the years 2012 through 2016, Defendants required Plaintiff Guzman to start working 15 to 20 minutes prior to his scheduled start time and to continue working 15 to 20 minutes past his scheduled departure time at least three days every week , and did not compensate him for the additional time he worked.

65.     In fact, although Plaintiff Guzman has not been required to keep track of his time, nor to his knowledge have the Defendants utilized any time tracking device, such as a time

clock or punch cards, he personally has completed time cards  by only entering his scheduled start and stop times and not the actual start and stop times.

66.     Defendants have not provided Plaintiff Guzman  with any meal breaks or any other kind of rest period throughout the entire time he has worked there.

67.     Defendants have not provided Plaintiff Guzman  with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

68.     Defendants have never provided Plaintiff Guzman  with a written notice, in English and in Spanish (Plaintiff Guzman's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Guzman  regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

70.     Defendants regularly have required Plaintiff Guzman  to work in excess of forty (40) hours per week without paying him the proper overtime wages.

71.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Guzman   (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him the appropriate overtime compensation, as required by federal and state laws.

72.     Defendants' pay practices have resulted in Plaintiff Guzman not receiving payment for all his hours worked, resulting in Plaintiff Guzman's effective rate of pay falling below the required overtime wage rate.

11

73.    Defendants habitually have required their employees, including Plaintiff Guzman
, to work additional hours beyond their regular shifts, but have not provided them with any
additional compensation.

74.    Plaintiff Guzman  has been paid his wages entirely in cash or in a combination of
check and cash.

75.    Defendants have willfully disregarded and purposefully evaded record keeping
requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain
accurate and complete timesheets and payroll records.

76.    By employing these practices, Defendants have avoided paying Plaintiff Guzman
the overtime compensation of time and a half for all of his hours worked in excess of forty (40)
hours per week.

77.    Defendants have failed to post required wage and hour posters in the
bar/restaurant, and have not provided Plaintiff Guzman  with statutorily required wage and hour
records or statements of his pay received, in part so as to hide Defendants' violations of the wage
and hour laws, and to take advantage of Plaintiff Guzman's relative lack of sophistication in
wage and hour laws.

78.    Upon information and belief, these practices by Defendants have been done
willfully to disguise the actual number of hours Plaintiff Guzman   (and similarly situated
individuals) worked, and to avoid paying Plaintiff Guzman   properly for (1) his full hours
worked and (2) for overtime due.

79.    Defendants have failed to provide Plaintiff Guzman  and other employees with
wage statements at the time of payment of wages, containing: the dates of work covered by that

12

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80.     Defendants have failed to provide Plaintiff Guzman  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

81.     Plaintiff Guzman  brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

13

82.     At all relevant times, Plaintiff Guzman  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

83.     The claims of Plaintiff Guzman  stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

84.     Plaintiff Guzman  repeats and realleges all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants have been Plaintiff Guzman's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiff Guzman  (and the FLSA class members), have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for his employment.

86.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

87.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

14

88.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, have failed to pay Plaintiff Guzman  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

89.     Defendants' failure to pay Plaintiff Guzman   (and the FLSA Class members) overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

90.      Plaintiff Guzman  (and the FLSA Class members) have been damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
**VIOLATION OF THE NEW YORK STATE
LABOR LAW'S OVERTIME PROVISIONS**

83.     Plaintiff Guzman  repeats and realleges all paragraphs above as though fully set forth herein.

84.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Guzman (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

85.     Defendants have failed to pay Plaintiff Guzman  (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

86.     Defendants' failure to pay Plaintiff Guzman  (and the FLSA Class members) overtime compensation has been willful within the meaning of N.Y. Lab. Law § 663.

87.      Plaintiff Guzman  (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

88.     Plaintiff Guzman  repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants have failed to provide Plaintiff Guzman  with a written notice, in English and in Spanish (Plaintiff Guzman's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

90.     Defendants are liable to Plaintiff Guzman  in the amount of $5,000, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

91.     Plaintiff Guzman  repeats and realleges all paragraphs above as though set forth fully herein.

92.     Defendants have not provided Plaintiff Guzman  with a statement of wages with each payment of wages, as required by NYLL 195(3).

93.     Defendants are liable to Plaintiff Guzman  in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

94.     Plaintiff Guzman repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants have failed to pay Plaintiff Guzman  one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

96.     Defendants' failure to pay Plaintiff Guzman  an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours has been willful within the meaning of New York Lab. Law § 663.

97.     Plaintiff Guzman  has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Guzman  respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs  in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Guzman  and the FLSA class members;

(c)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Guzman's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against

wages;

(d)      Declaring that Defendants' violation of the provisions of the FLSA have been willful as to Plaintiff Guzman  and the FLSA class members;

(e)      Awarding Plaintiff Guzman  and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)      Awarding Plaintiff Guzman  and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Guzman   and the members of the FLSA Class;

(h)      Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Guzman's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(i)      Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Guzman;

(j)      Declaring that Defendants' violations of the New York Labor Law have been willful as to Plaintiff Guzman  and the FLSA Class members;

(k)      Declaring that Defendants have violated the provisions of section 191 of the NYLL;

18

(l)      Awarding Plaintiff Guzman  and the FLSA class members damages for the amount of unpaid overtime wages as well as awarding spread of hours pay under the NYLL as applicable;

(m)      Awarding Plaintiff Guzman  damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Guzman  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)      Awarding Plaintiff Guzman  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Guzman   and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Guzman demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
October 3, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.


_____/s/ Michael Faillace_____

By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

September 29, 2017

By Hand

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:            Alberto Guzman Rincon

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:                  _____

Date / Fecha:                 September 28, 2017

*Certified as a minority-owned business in the State of New York.*